UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHERYL JONES                                                          PLAINTIFF

v.                                              CIVIL ACTION NO. 3:07CV-74-S

THE HARTFORD                                                         DEFENDANT

## <u>MEMORANDUM OPINION AND ORDER</u>

     This matter is before the court on motion of the plaintiff to include in the record before the court an item obtained after the defendant's denial of benefits to the plaintiff.

     The parties agree that the defendant issued its final denial of benefits to the plaintiff on November 29, 2006, thus closing the administrative record.  This was after Dr. Plunkett, employed by the defendant to review the plaintiff's file, attempted to contact the plaintiff's treating physician, Dr. Puno, to "discuss the case."  According to the administrative record before this court, at page 72, Dr. Plunkett left messages with Dr. Puno's office on November 16, 20, and 21 of 2006, but no return phone call was received.

     Following the defendant's denial of benefits and the close of the administrative record on November 29, 2006, Dr. Puno apparently issued a note on a prescription pad, dated December 21, 2006, indicating:   "Dr. Raque will be performing cervical spinal fusion including discectomy and instrumentation.  Patient is at risk for paralization *(sic)* if surgery is not completed."

     The plaintiff wishes to include this item in the record before the court.  The defendant objects, noting that our review is normally constrained only to the administrative record before the claim administrator at the time the final claim decision was made.

The item in question was not before the plan administrator at the time the final denial of benefits was made, since it is obviously dated some three weeks later.

The court therefore believes that consideration of this item is inappropriate. Furthermore, the exact meaning of this item in the context of this case is somewhat unclear.

However, the court perceives that it may be indicative that something was afoot with respect to the plaintiff's condition at the times Dr. Plunkett unsuccessfully attempted to contact Dr. Puno in November of 2006. The court is not advised as to the identity of Dr. Raque, nor the meaning of the curious language that he "will be performing" spinal surgery on the plaintiff. Does this mean that the surgery was scheduled, or that it would be scheduled in the future? Does this emanate from a contemporaneous examination of the plaintiff, or examination and/or treatment she received prior to the close of the administrative record? If the plaintiff had had surgery scheduled prior to the close of the administrative record, clearly she would have known about it and could have advised the plan administrator of this development. Clearly she did not.

The court perceives that perhaps this mystery emanates from the six-day period in November, 2006 when Dr. Plunkett attempted to contact Dr. Puno. What would Dr. Puno have told Dr. Plunkett at that time? That surgery was possible? That surgery had been scheduled? That the plaintiff was facing paralysis in the absence of a spinal fusion and discectomy? None of this is clear.

Obviously, the failure of Dr. Puno to contact Dr. Plunkett is not the fault of Dr. Plunkett, nor is it the fault of the plaintiff, nor is it the fault of the defendant. Regardless, the court perceives that, to the extent that Dr. Puno may have had pertinent information which was not conveyed to the defendant prior to the close of the administrative record, the plaintiff may have been denied a reasonable opportunity for a full and fair review as required by 29 U.S.C. § 1133(2).

- 2 -

Accordingly, and under the peculiar facts of this case, the court must craft a remedy.  That remedy is as follows:

1.   The motion of the plaintiff to consider the note of December 21, 2006 from Dr. Puno's office attached as Exhibit 1 to the plaintiff's complaint, is **DENIED**.

2.   To the extent that the plaintiff's motion may be interpreted as requesting that the record be expanded to include such information as Dr. Plunkett would have and could have received from Dr. Puno on or prior to November 29, 2006, the motion is **GRANTED**, and the plaintiff is permitted to include in the record before this court only the information Dr. Puno would have or could have communicated to Dr. Plunkett on or before said date concerning the medical condition of the plaintiff.

The court believes this order is necessary inasmuch as Dr. Puno's failure to communicate with Dr. Plunkett on or prior to November 29, 2006 deprived the plaintiff of the "full and fair review" required by 29 U.S.C. § 1133(2).  Oral argument is **DENIED**.

**IT IS SO ORDERED** this

cc:    Counsel of Record

- 3 -